Gaston, Judge.
We concur with the Court below in the opinion that the indictment in this case is too defective to warrant any judgment upon it.
Without entering into a critical examination of the language of the indictment, it will be"enough to notice what we deem its substantial defects. The offence attempted to be set forth in each count, is a conspiracy to destroy a warrant in the name of the State issued against one of the defendants, (Crisp,) on a charge of assault and battery, and a recognizance for the appearance of said defendant to answer that charge, with the intent thereby to impede the due administration of justice. Now, it seems to us essential that the indictment should ‘positively aver the facts that such warrant did issue, and such a recognizance was acknowledged, and should also set forth so much of the warrant and recognizance as is necessary to shew that they were valid, and therefore the destruction of them might be prejudicial to the administration of justice. All the facts and circumstances which constitutea crime must be distinctly charged in the indictment, so that it may be seen that the indietors have not gone upon insufficient premises, and that the Court, after the matters charged are found or confessed to be true, may pronounce, as a legal result therefrom, that a crime has been committed. In neither of the counts of this indictment is it charged as a fact, that a warrant to arrest Crisp on a charge of assault and battery, did issue — nor that the said Crisp entered into a recognizance for his appearance to answer to said charge. The warrant and recognizance are mentioned only by way of ref *377 erence or recital. Nor is it stated with any approach to pre-cisión, by whom the warrant was issued, nor before whom the recognizance was taken — nor is the substance of the warrant and recognizance set forth — so that it may be seen whether they or either of them had legal validity.
As the appeal is at the instance of the State, because of supposed error in arresting the judgment, and we are of opinion that the alleged error does not exist, we do not enter into the consideration of the question of evidence raised by the defendants upon the trial. Had we differed from the Court below upon the propriety of arresting the judgment, then this question would have been open to the defendants upon the record.
This decision is to be certified to the Superior Court of Haywood as the law directs.
Per Curiam. Judgment to be affirmed.